*In re* LAIDLAW *et al.*

(*Circuit Court, D. Oregon.* May 13, 1890.)

SHIPPING—TONNAGE DUTIES—PENALTIES—ENFORCEMENT.

A proceeding before a district judge, to procure a remission of a fine, penalty, or forfeiture, incurred under the customs revenue law, does not include the case of a tonnage tax, alleged to have been levied in excess of the lawful rate.

(*Syllabus by the Court.*)

At Law.

*Mr. C. E. S. Wood,* for petitioners.

*Mr. Franklin P. Mays,* for the United States.

DEADY, J. This is a petition by the consignee and agent of the British ship Largo Law, to have the facts ascertained and transmitted to the secretary of the treasury, so as to procure a remission or mitigation of a certain tonnage tax, amounting to $793.50, imposed on said vessel by the collector of this port.

Briefly the case as stated in the petition is this:

In October, 1889, the Largo Law entered the port of San Diego, Cal., with a cargo from London, consisting partly of cement, of which 3,360 barrels were destined for this port. For the sake of convenience, as it is alleged, the duty on the whole of the cement was paid at San Diego, from which place the vessel then proceeded to this port with the cement on board destined here, where the collector imposed a tonnage tax on the vessel of 50 cents per ton, under section 4219, of the Revised Statutes, on the ground that she had on board goods,—cement "taken on in one district to be delivered in another district,"—which action of the collector was on November 3, 1889, affirmed by the commissioner of navigation.

Notice of the application was given to the collector and district attorney, the latter of whom appeared and filed a demurrer to the petition.

The petition appears to have been filed under section 5292 of the Revised Statutes. But that section has been superseded by section 17 of the act of June 22, 1874, (18 St. 186.) However, so far as this case is concerned, the sections are substantially the same.

Said section 17 provides:

"That whenever, for an alleged violation of the customs revenue laws, any person who shall be charged with having incurred any fine, penalty, forfeiture, * * * shall present his petition to the judge of the district in which the alleged violation occurred, * * * setting forth truly and particularly the facts and circumstances of the case, and praying for relief, such judge shall, if the case in his judgment requires, proceed to inquire, in a summary manner, into the circumstances of the case, at such reasonable time as may be fixed by him for that purpose, of which the district attorney and the collector shall be notified by the petitioner, in order that they may attend and show cause why the petition should be refused."

The case made by the petition is not one for the remission or mitigation of a fine, penalty, or forfeiture incurred by the petitioner, or any one else. A fine, penalty, or forfeiture can only be incurred by the do-

ing or omitting of some act contrary to law. The Largo Law violated no provision of the customs revenue laws in coming to Portland with this cement.

It is true that section 4347 of the Revised Statutes forbids the transportation of merchandise from one port of the United States to another, in a vessel belonging in whole or part to a foreigner, under pain of forfeiture. But such section also provides that merchandise brought from a foreign port in such vessel, and not unladen, may be transported therein from one port to another port of the United States. No forfeiture of this cement could have occurred in this case, unless it was unladen at San Diego, and then taken on board again before coming to this port. It is claimed, I understand, that it was constructively unladen by being entered for the payment of duties thereon, and the payment of such duties. But it seems to me that would be a very strained interpretation of the term. So long as the cement remained on board of the vessel, as a matter of fact, it was not in my judgment unladen. The general object of the statute is to prevent vessels owned by foreigners from engaging in the coasting trade, and the special exception is, that such a vessel may carry its cargo, or any part of it, brought from a foreign port, from one district to another of the United States. However, no forfeiture was claimed in this case, and the petition does not seek relief against any such. Yet if the cement was unladen at San Diego, within the meaning of the statute, the same is liable to forfeiture.

The subject of tonnage tax is regulated by section 4219 of the Revised Statutes. Among other things, it provides, (as amended by Act Feb. 27, 1877, par. 140:) "Upon every vessel not of the United States, which shall be entered in one district from another district, having on board * * * merchandise taken in one district to be delivered in another district, duties shall be paid at the rate of fifty cents per ton." As may be seen, this section only applies to vessels taking goods on board in one district to be carried to another, and therefore does not conflict with section 4347, which allows a vessel belonging to a subject of a foreign power to carry so much of its cargo as may have been brought from a foreign port, and not unladen, from one district to another of the United States.

Section 2931 of the Revised Statutes provides that the decision of the collector, as to the rate of tonnage to be paid on the entry of a vessel, shall be final, unless an appeal is taken to the secretary of the treasury in the manner provided, whose decision shall also be final, unless suit is brought to recover such duties. But now by section 3 of the act of July 5, 1884, (23 St. 118,) creating the bureau and commissioner of navigation, all questions arising under tonnage tax-laws are referred to said commissioner, and his decision declared to be final.

Section 2779 of the Revised Statutes provides that any vessel bringing merchandise into the United States from a foreign port, which is shown to be destined for other districts than the one in which she first arrives, may proceed with the same from district to district, and the duties on such of the merchandise only as shall be landed in any district shall be paid within such district.

Taking this legislation as a whole, it appears to me that the duties paid at San Diego on the cement destined to Portland were improperly paid, and that the collector should have required the payment of the duties thereon at this port, and that the vessel was not liable to the tonnage tax imposed on it.

Still, as has been said, the case is not one of a fine, penalty, or forfeiture incurred, but of an erroneous imposition of a tonnage tax. For this the statute gives the party a remedy by an appeal to the treasury department, on which the decision of the commissioner of navigation appears to be final.

The demurrer is sustained, and the petition dismissed.